UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR M. GONZALEZ, ) | |
| As the Special Administrator of the ) | |
| Estate of ROGER GONZALEZ, deceased, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | Judge |
| ) | |
| SHERIFF (FORMER) KEITH NYGREN, ) | Magistrate Judge |
| In his Individual and Official Capacity, and ) | |
| MCHENRY COUNTY, ILLINOIS ) | Jury Demand |
| ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, VICTOR GONZALEZ, As the Special Administrator of the Estate of ROGER GONZALEZ, by and through his attorney, David S. Lipschultz of Goldberg Weisman Cairo, and in complaining against the Defendant, SHERIFF (FORMER) KEITH NYGREN, the former Sheriff of McHenry County, and MCHENRY COUNTY, ILLINOIS, states as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. §1983 and §1988), and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1343, §1331 and §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

## PARTIES

4.     The Plaintiff, VICTOR GONZALEZ, is a United States citizen and a resident of the State of Illinois, McHenry County.

5.     The decedent, ROGER GONZALEZ, (hereinafter "Roger") was a resident of the State of Illinois, McHenry County.

6.     At all relevant times referenced herein, and at the time of the incident at issue in this complaint, Defendant, SHERIFF KEITH NYGREN, the former Sheriff of McHenry County, was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

7.     At all times referenced herein, the Defendant, MCHENRY COUNTY, was and is a governmental entity subject to the laws of the State of Illinois and the United States of America.

## FACTS COMMON TO ALL COUNTS

8.     On or about October 17, 2013, Roger was incarcerated at McHenry County Jail, located at 2200 N Seminary Avenue, Woodstock, Illinois.

9.     During his incarceration Roger suffered various medical ailments which required medical care and treatment.

10.    The Defendants failed to provide Roger with the medical care and treatment he required.

11.    Roger suffered extensively as a direct and proximate result of the Defendants' failure to provide the medical care and treatment he required.

12. On November 9, 2014, Roger died while incarcerated in McHenry County Jail.

13. Roger's death was the direct and proximate result of acts and/or omissions committed by the Defendants.

## COUNT I
## WRONGFUL DEATH

14. Plaintiff realleges and incorporates paragraphs 1 through 13 by reference as if fully set forth herein.

15. Beginning on or about October 18, 2013 it then and there became the duty of the Defendants to exercise ordinary and reasonable care and caution in providing the medical care and treatment Roger required, so as not to cause injury or death to Roger.

16. That despite the aforementioned duty, the Defendants, committed careless and negligent acts and/or omissions.

17. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions by the Defendants, Roger was injured and died.

18. Roger left next of kin. Each of these individuals have suffered and will continue to suffer great grief, sorrow, mental suffering, loss of love, support, guidance, advice, companionship, affection, loss of financial support and other pecuniary injuries and burial expenses.

19. That this action is being brought for the wrongful death of Roger Gonzalez, deceased, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et.al.

WHEREFORE, the Plaintiff, VICTOR GONZALEZ, as Special Administrator of the Estate of Roger Gonzalez, deceased, prays that judgment be entered against the Defendants, SHERIFF KEITH NYGREN, the former Sheriff of McHenry County, and MCHENRY

COUNTY, in an amount necessary to fully and fairly compensate the next of kin of Roger Gonzales for their losses under the terms of the Wrongful Death Act, plus costs.

## COUNT II
## SECTION 1983 FAILURE TO PROVIDE MEDICAL CARE

20. Plaintiff realleges and incorporates paragraphs 1 through 13 by reference as if fully set forth herein.

21. Defendant Sheriff Keith Nygren's actions and inactions were willful and wanton, and were undertaken intentionally, with malice, and/or with reckless indifference to the Roger's constitutional rights.

22. Said actions and inactions of Defendant Sheriff Keith Nygren violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

WHEREFORE, the Plaintiff, VICTOR GONZALEZ, as Special Administrator of the Estate of Roger Gonzalez, deceased, prays for judgment, compensatory damages, punitive damages, and attorney's fees and costs against Defendant, SHERIFF KEITH NYGREN.

## COUNT III
## SURVIVAL ACTION

23. Plaintiff realleges and incorporates paragraphs 1 through 13 by reference as if fully set forth herein.

24. As a direct and proximate result of one or more of these acts and/or omissions of the Defendants, before his death then and there sustained severe and permanent injuries, both externally and internally, and lost the value of that time as aforementioned. The decedent also

4

suffered great pain and anguish, both in mind and body. The decedent further became liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, VICTOR GONZALEZ, as Special Administrator of the Estate of Roger Gonzalez, deceased, prays that judgment be entered against the Defendants, SHERIFF KEITH NYGREN, the former Sheriff of McHenry County, and MCHENRY COUNTY, and that all applicable damages plus the costs of this suit be awarded to the Plaintiff by the Defendants.

## COUNT III - FAMILY EXPENSE ACT

25. Plaintiff realleges and incorporates paragraphs 1 through 13 by reference as if fully set forth herein.

26. By reason of the facts set forth above, Plaintiff, Victor Gonzalez, as Special Administrator of the Estate of Roger Gonzalez, deceased, is the surviving next of kin of Roger Gonzalez, deceased, and has become obligated for and has paid large sums of money in reasonable medical and funeral expenses pursuant to the Family Expense Act, 750 ILCS 65/15.

Wherefore, the Plaintiff, Victor Gonzalez, as Special Administrator of the Estate of Roger Gonzalez, deceased, prays for a judgment against the Defendants, in an amount equivalent to the expenses incurred plus court costs.

## COUNT IV
## ILLINOIS LAW CLAIM – INDEMNIFICATION

27. Plaintiff realleges and incorporates paragraphs 1 through 26 by reference as if fully set forth herein.

28. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

29. Defendant, SHERIFF KEITH NYGREN, at all times relevant, was an employee of the Defendant, MCHENRY COUNTY, ILLINOIS and acted within the scope of his employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, Victor Gonzalez, as Special Administrator of the Estate of Roger Gonzalez, deceased, prays that should this Court enter judgment in his favor and against Defendant, SHERIFF KEITH NYGREN, Defendant, MCHENRY COUNTY, ILLINOIS should be ordered to pay the Plaintiff any judgment for compensatory damages obtained against Defendant, SHERIFF KEITH NYGREN.

## JURY DEMAND

The Plaintiff requests a trial by jury.

Respectfully submitted,

/s/ David S. Lipschultz

David S. Lipschultz
Goldberg Weisman Cairo
One East Wacker, 38th Floor
Chicago, IL  60601
Telephone: 312-464-1200
Atty. No. 6277910