UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| VICTOR M. GONZALEZ,<br>As the Special Administrator of the<br>Estate of ROGER GONZALEZ, deceased,<br><br>Plaintiff,<br>v.<br><br>SHERIFF (FORMER) KEITH NYGREN,<br>In his Individual and Official Capacity, and<br>MCHENRY COUNTY, ILLINOIS<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:15-cv-776<br><br>Judge Reinhard<br>Magistrate Judge Johnston |

**<u>ORDER PURSUANT TO HIPAA</u>**

This mater having come to be heard on the Motion of Plaintiff, Victor M. Gonzalez, as the Special Administrator of the Estate of Roger Gonzalez, deceased, for the Entry of a HIPAA Protective order, the parties having agreed, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED as follows:

(1) The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") pertaining to ROGER GONZALEZ, to the extent and subject to the conditions outlined herein.

(2) For the purposes of this Qualified Protective Order, "PHI" or protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(3) All "covered entities" (as defined by 45 CFR 160.103) are here authorized to disclose PHI pertaining to ROGER GONZALEZ, to all attorneys now of record in this matter or who may become of record in the future of this litigation.

(4) The parties and their attorneys shall be permitted to use the protected health information ROGER GONZALEZ, in any manner that is reasonably connected with the above-captioned litigation. This includes disclosure to the parties, their attorneys of record, the

attorneys' firm (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

(5) At the conclusion of the litigation as to any Defendant (which shall be defined as the point at which final orders disposing of the entire case as to any Defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any Defendant), that Defendant and any person or entity no longer involved in the litigation in possession of PHI pertaining to ROGER GONZALEZ, (other than the person or entity that generated the PHI) obtained from the Defendant or his/her/its attorneys shall destroy any and all copies of said PHI in their possession.

(6) This order shall not control or limit the use of protected health information pertaining to ROGER GONZALEZ, that comes into the possession of any party or any party's attorney from a source <u>other than</u> a "covered entity", (as that term is defined in 45 CFR 160.103).

(7) Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, pursuant to a patient authorization or through attorney-client communications. Likewise, nothing in this order relieves any party from complying with the requirements of the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/3, the AIDS Confidentiality Act or state and federal law that protects certain drug and alcohol records (20 ILCS 301/30-5, 42 USC 290dd-3 and 290ee-3, and 42 CFR Part 2).

(8) The plaintiff, ROGER GONZALEZ, shall assist and cooperate by signing releases for mental health records as required to comply with disclosure of records covered by the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/3.

August 10, 2015
ENTER

______________________________

U.S. Magistrate Judge Iain D. Johnston

David S. Lipschultz
Atty. No. 6277910
GOLDBERG WEISMAN CAIRO
One East Wacker Drive
Suite 3800
Chicago, Illinois 60601
(312) 464-1200