IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Victor M. Gonzalez, Administrator of the Estate of Roger Gonzalez, deceased,<br><br>            Plaintiff,<br><br>    v.<br><br>Wexford Health Sources, Inc., et al.,<br><br>            Defendants. | Case No. 15 CV 776<br><br>Judge Philip G. Reinhard |

**ORDER**

Defendant Wexford Health Sources, Inc.'s motion to dismiss [248] is denied.

**STATEMENT-OPINION**

**Background**

Plaintiff Victor M. Gonzalez, administrator of the estate of Roger Gonzalez, deceased, filed this action against Wexford Health Sources, Inc. ("Wexford") and Arthur Davida, M.D., in connection with decedent Roger Gonzalez' medical treatment while incarcerated at the Illinois Department of Corrections ("IDOC"). *See* plaintiff's sixth amended complaint [244]. The court previously dismissed plaintiff's federal claim as to defendant Wexford but maintained plaintiff's state law medical malpractice claim against Wexford under the doctrine of *respondeat superior* and a claim pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *See* [126], [152].

Plaintiff filed a sixth amended complaint on July 13, 2020 [244]. On July 29, 2020, defendant Wexford filed its motion to dismiss plaintiff's sixth amended complaint [248]. On August 20, 2020, plaintiff filed his response to the motion [252]. Defendant Wexford filed its reply to plaintiff's response on September 3, 2020 [253]. The motion is now before the court.

**Facts**

According to plaintiff's sixth amended complaint ("complaint"), plaintiff entered the McHenry County jail in October 2013 as a pre-trial detainee. At the time, plaintiff weighed 400 pounds and had various serious medical issues including hepatitis C, renal failure, edema, cirrhosis, congestive heart failure, and morbid obesity. Plaintiff was transferred to IDOC in September 2014 following his conviction. Prior to IDOC, plaintiff had been hospitalized from

the McHenry County jail where he was determined to be critically ill. At IDOC, Wexford[1] ordered multiple blood tests, the results of which showed that plaintiff had become more ill. In late October 2017, plaintiff was sent from IDOC to the University of Illinois hospital, where he remained for 9 days. On November 6, 2017, plaintiff was transferred from one IDOC facility to another. The transfer involved a six to seven-hour van ride. According to plaintiff, it was obvious this transfer would be harmful to decedent's health. According to the contract between IDOC and Wexford, Wexford is required to place an inmate on a "medical hold" if a transfer would be injurious to the inmate's health, in that it would interfere with medical treatment the inmate was receiving, or if the van drive itself would be injurious to the inmate's health. According to the complaint, Wexford did not inform its physicians about the "medical hold" power and knew that failing to inform them of this power would result in harm to inmates. Dr. Davida would have placed plaintiff on a "medical hold" had he known about it. On the day plaintiff arrived at the second IDOC facility, he weighed about 500 pounds and was critically ill. He was transported to a local hospital for treatment and was sent back to IDOC later the same evening. Three days later, plaintiff was again taken to the hospital where he died of cardiac arrest. Plaintiff complains that Wexford's failure to have informed its physicians of the power of the "medical hold" amounted to deliberate indifference and was the cause of decedent's death.

In his complaint, plaintiff claims defendants' actions and inactions amount to deliberate indifference to his serious medical needs in violation of the Illinois Wrongful Death Act, and the Illinois Survival Act, against Wexford and Dr. Davida. Plaintiff's complaint seeks money damages.

**Standard of review**

When evaluating a Rule 12 (b)(6) motion to dismiss, the court must "accept[] all well-pleaded facts as true and draw[] all reasonable inferences in favor of the . . . non-moving parties." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (internal citations omitted). "A Rule 12(b)(6) motion challenges the sufficiency of the complaint itself." *Id.* "To state a claim, a complaint must first provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (citing FED. R. CIV. P. 8(a)(2)). "The statement of the claim must sufficiently give 'fair notice of what the ... claim is and the grounds upon which it rests' to the defendants." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To state a claim for relief, a complaint must provide more than "abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Instead, a plausible claim must include "'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Charleston v. Board of Trustees of the University of Illinois at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**Analysis**

Defendant Wexford argues plaintiff has failed to plead separate counts in violation of FED. R. CIV. P. 10(b), has failed to state a claim for *respondeat superior* under Illinois law, and has failed to state a claim pursuant to *Monell*.

---

[1] Wexford provides healthcare to inmates at IDOC.

First, under FED. R. CIV. P. 10(b), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." "'The primary purpose of Fed. R. Civ. P…10(b) is to give defendants fair notice of the claims against them and the grounds supporting the claims.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013) (quoting *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011)). "[A] complaint is subject to dismissal under these rules if it is unduly long or if it is unintelligible." *Davis v. Anderson*, 718 Fed. Appx. 420, 423 (7th Cir. 2017). Here, plaintiff's complaint is neither. Plaintiff's complaint states its claims in 45 numbered paragraphs in 10 pages, names two defendants, and pleads three causes of action. It does not, however, set forth multiple counts, "each of which specifies a single statute or legal rule." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). Yet, as noted by plaintiff, the Federal Rules of Civil Procedure do not require this. *Id*. Dismissal under Rule 10(b), in the court's estimation, is more suited to a situation as presented in *Davis* where plaintiff (after more than one amended complaint) submitted to the court a 215-page complaint, including 429 pages of exhibits. *Davis*, 718 Fed. Appx. at 421. That is hardly the case here. Additionally, plaintiff's complaint does provide defendants with fair notice of the claims against them and the grounds supporting those claims.

Second, defendant Wexford argues plaintiff's claim against Wexford for *respondeat superior* liability under Illinois law for negligence of Wexford employees must be dismissed for failure to state a claim. Wexford claims plaintiff has not properly brought a claim under the Wrongful Death Act or the Survival Act by failing to plead duty, standard of care, or breach of a standard of care to support its medical negligence claim against Wexford. Wexford states this insufficient pleading fails to give Wexford any notice of plaintiff's allegations against it so as to properly defend. Nevertheless, Rule 8 (the requirement that plaintiff plead a short and plain statement showing he is entitled to relief) "is a notice pleading standard, not a fact pleading standard." *McDonald v. Household Intern., Inc*., 425 F.3d 424, 427 (7th Cir. 2005). The Seventh Circuit "has repeatedly held that pleaders in a notice system do not have any obligation to plead legal theories." *Id*. "The point of a notice pleading standard is that the plaintiff is not required to plead either facts or legal theories." *Hefferman v. Bass*, 467 F.3d 596, 599 (7th Cir. 2006). The fact that the court is addressing a state law claim makes no difference – "The Federal Rules of Civil Procedure apply to all cases filed in federal court." *Id*. Here, plaintiff pleads a claim for Illinois medical malpractice. As noted by defendant Wexford, under Illinois medical malpractice law, plaintiff must prove "(1) the proper standard of care against which the defendant's conduct is measured; (2) an unskilled or negligent failure to comply with the applicable standard; and (3) a resulting injury proximately caused by the defendants want of skill or care." *Morisch v. United States*, 653 F.3d 522, 531 (7th Cir. 2011). Yet, like *Hefferman*, "from the point of view of notice, rather than elements of a claim, [plaintiff's] complaint said more than enough." *Hefferman*, 467 F.3d at 600. Plaintiff's complaint alleges that Wexford, under contract with the State of Illinois, required the health care employees to affect a "medical hold" on inmates who may risk injury to their health if they were to be transferred. Wexford did not inform its employees of the "medical hold" power. Wexford's failure to inform its physicians of the "medical hold" policy caused plaintiff's decedent's death when he was critically ill and transferred from one facility to another by a six to seven-hour van ride. While the allegations against Wexford as set forth in plaintiff's complaint may not neatly track the elements of an Illinois medical malpractice claim, they sufficiently satisfy Rule 8 and put Wexford on proper notice of

the claims against it.

Finally, defendant Wexford argues plaintiff has not sufficiently pleaded a *Monell* claim against it. Wexford contends plaintiff has made only conclusory and factually unsupported allegations of a policy that applied only to plaintiff and are not widespread. To establish liability under *Monell*, plaintiff must demonstrate that defendant Wexford's "official policy, widespread custom, or action by an official with policy-making authority was the 'moving force' behind his constitutional injury." *Daniel v. Cook County*, 833 F.3d 728, 734 (7th Cir. 2016) (citing *Dixon v. Cook County*, 819 F.3d 343, 348 (7th Cir. 2016)). Wexford claims that the allegations in plaintiff's complaint are merely boilerplate allegations of a widespread policy that courts have routinely rejected. Wexford relies on *Arita v. Wexford Health Sources, Inc.*, No. 15-cv-01173, 2016 WL 6432578 (N.D. Ill. Oct. 31, 2016) in support of its dismissal argument. In *Arita*, plaintiff complained that Wexford's medical staff ignored his complaint of swelling and pain in his groin area for nine months before examining him. *Id*. at *1. When his was finally examined, tests revealed he was suffering from an inguinal hernia which required an operation. *Id*. While Arita did eventually receive a hernia operation, he complained that he suffered for over 12 months. *Id.* Arita brought suit against Wexford (among others) alleging that Wexford has a policy of ignoring inmates' medical needs. Specifically, Arita's *Monell* allegation was that "Wexford, upon information belief, has a policy of ignoring not only [his] requests/complaints, but other inmates' medical needs as well." *Id*. at *3. According to the district court, Arita's allegation ("upon information and belief") was unsupported by any facts regarding the experiences of other inmates. *Id*. "Nor does Arita's complaint shed any light on what Wexford's alleged policy might be – that is, what specific policy might lead to the systematic disregard of inmates' medical needs." *Id*. The court granted Wexford's motion to dismiss, finding Arita's complaint to be factually unsupported, containing only boilerplate allegations. *Id*. Here, Wexford likens plaintiff's complaint to that of Arita's – arguing plaintiff's allegations are conclusory and baseless and fail to allege any facts to support an inference that an actual policy or practice was at issue as opposed to a policy that pertained exclusively to plaintiff.

In response, plaintiff relies on *Glisson v. Indiana Department of Corrections*, 849 F.3d 372 (7th Cir. 2017), in support of his position that the allegations in his complaint are sufficient to plead a *Monell* claim. In *Glisson*, the Seventh Circuit held that, following the death of an inmate, *Monell* liability could be premised on a health care provider's decision not to require a coordination of care for a seriously ill inmate. *Id*. There, the court said, "[t]he key is whether there is a conscious decision not to take action. That can be proven in a number of ways, including but not limited to repeated actions. A single memo or decision showing that the choice not to act is deliberate could also be enough. The critical question under *Monell* remains this: is the action about which the plaintiff is complaining one of the institution itself, or is it merely one undertaken by a subordinate actor?" *Id*. at 381. The court finds plaintiff's complaint more akin to *Glisson*. Defendant Wexford's argument that plaintiff has failed to allege facts in his complaint to support a specific action by Wexford to reject a "medical hold" policy, or facts to make a claim that Wexford repeatedly failed to enact a "medical hold," is unpersuasive. Plaintiff's complaint alleges that Wexford "consciously chose" to not enforce its "medical hold" policy, thereby ultimately leading to decedent's death. At this stage of the litigation, the complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin.*

4

*Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)) (emphasis in original). The court makes no comment on the future of plaintiff's *Monell* claim against Wexford, but accepting the complaint as presented, plaintiff has presented a claim above the speculative level.

**Conclusion**

For the foregoing reasons, defendant Wexford Health Sources, Inc.'s motion to dismiss [248] is denied.

Date: 10/30/2020  ENTER:

*Philip G. Reinhard*
_____
United States District Court Judge